UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 19-50041-JLV |
| Plaintiff, | |
| vs. | ORDER |
| BRIAN MICHAEL HINMAN, | |
| Defendant. | |

**INTRODUCTION**

The government filed an appeal from the decision of United States Magistrate Judge Daneta Wollmann to permit defendant Brian Hinman to remain on release pending sentencing.  (Docket 41).  For the reasons given below, the court grants the government's appeal.

**ANALYSIS**

On May 22, 2020, pursuant to a plea agreement with the government, Mr. Hinman pled guilty before Magistrate Judge Wollmann to the charge of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  (Docket 45 at pp. 15:22-17:3; see also Dockets 31 ¶ C, 39 at p. 1 & 42). The guilty plea was supported by the factual basis statement.  (Docket 32; see also Dockets 45 at p. 16:4-25 & 39 at p. 2).

The mandatory detention provisions of the Bail Reform Act require detention of any defendant "found guilty of an offense . . . described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition . . . of sentence

. . . ."  18 U.S.C. § 3143(a)(2).   Subparagraph (C) of 18 U.S.C. § 3142(f)(1) includes

a violation of 21 U.S.C. § 841(b)(1)(B) as it is an offense for which the maximum term

of imprisonment is ten years or more as prescribed in the Controlled Substances Act

(21 U.S.C. § 801 *et seq.*).   Defendant's guilty plea triggered the mandatory detention

provisions of § 3143(a)(2) because the offense carries a mandatory minimum period

of incarceration of five years up to 40 years imprisonment.   21 U.S.C. § 841(b)(1)(B);

see also Dockets 31 ¶ C & 39 at p. 1.   Mr. Hinman is subject to detention pursuant

to 18 U.S.C. § 3143(a)(2).

     "A person subject to detention pursuant to section 3143(a)(2) . . . and who

meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered

released, under appropriate conditions, by the judicial officer, if it is clearly

shown that there are exceptional reasons why such person's detention would not

be appropriate."   18 U.S.C. § 3145(c); see United States v. High Wolf, CR. 14-

50093, 2015 WL 9255548, at *1 (D.S.D. Dec. 18, 2015).   The exceptions to

mandatory detention are limited to two situations.   First, if the court "finds

there is a substantial likelihood that a motion for acquittal or new trial will be

granted . . . ."   18 U.S.C. § 3143(a)(2)(A)(i).   The second exception contains two

elements: first, the government is recommending no sentence of incarceration be

imposed and second, the court finds by clear and convincing evidence the

defendant is not a flight risk and does not pose a danger to the community.

18 U.S.C. §§ 3143(a)(2)(A)(ii) and (B).   Neither exception under § 3143(a)(2)

applies.   Defendant entered a guilty plea, so there will be no acquittal or new

2

trial.   The government intends to seek imprisonment.   (Docket 31 ¶ F) (stating the government will recommend a guidelines sentence).

Notwithstanding the mandatory detention provisions of § 3143, the court may still release a defendant pending sentencing pursuant to § 3145(c).   As stated above, "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."   18 U.S.C. § 3145(c).   "Thus, in order for Defendant to be released pending sentencing, he would have to establish: (1) by clear and convincing evidence that he is not likely to flee; (2) by clear and convincing evidence that he does not pose a danger to any other person or the community; and (3) that exceptional reasons are clearly shown warranting his release."   United States v. Harris, 192 F. Supp. 3d 337, 347 (W.D.N.Y. 2016).   " 'Exceptional reasons' must include something that is 'clearly out of the ordinary, uncommon, or rare.' " United States v. Helder, No. 05-00125, 2006 WL 4080952 (W.D. Mo. Sept. 21, 2006) (citing United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)) (internal citation omitted).

During the hearing before the magistrate judge, Mr. Hinman asked that he be permitted to remain on pre-sentence release.   His counsel argued "his conduct while . . . on pretrial release [was] exceptional.   He's had a job.   He's volunteered.   He's completed a very intensive treatment program for the drug

3

he's just now plead guilty to distributing.   It looks like he's really been
exemplary." (Docket 45 at p. 18:5-8).   In addition, Mr. Hinman argued the
COVID-19 global pandemic is an exceptional reason to permit him to remain out
of custody.   He argued the social distancing and mask wearing rules are
different in Nebraska where he has been living and working.   Mr. Hinman
contended that "[h]is job requires him to have regular contact with the public.
[And because of his volunteer work] . . . he's been going to one of the [Nebraska]
jails locally and having contact with folks in there."[1]   Id. at p. 18:13-15.   While
Mr. Hinman "may be asymptomatic of COVID" he is concerned requiring
detention may cause him to contaminate Pennington County Jail inmates and
staff.   Id. at p. 18: 17-25.   Mr. Hinman sought permission to continue residing
at the Nebraska treatment center until sentencing.   Id. at p. 19:1-2.

The government opposed Mr. Hinman's request.   (Docket 45 at
pp. 21:12-22-1).   The government argued the magistrate judge should ignore
the COVID-19 issue because the Pennington County Jail has inmates "coming
and going from the jail, and the jail is doing what it feels is sufficient to keep
people safe."   Id. at p. 21:20-21.   In conclusion, the government submitted Mr.
Hinman's case "is a mandatory detention case.   He's not in [sic] exceptional
circumstances, and he should be detained."   Id. at pp. 21:24-22:1.

--------

[1]Assistant Federal Public Defender Jennifer Albertson represented to
Magistrate Judge Wollmann that Mr. Hinman "has been doing some local
volunteering for the Bible study program [in the Nebraska jail]."   (Docket 45 at
p. 19: 22-24).   Ms. Albertson by e-mail dated June 2, 2020, advised Magistrate
Judge Wollmann and the prosecution that Mr. Hinman stopped his jail volunteer
work about mid-March because of the COVID-19 pandemic.

The magistrate judge found that the COVID-19 pandemic constituted an "extraordinary circumstance[]." Id. at p. 20:15.   The magistrate judge was concerned Mr. Hinman's job and work in the Nebraska jail would create "a risk that [Mr. Hinman] being in our Pennington County jail could potentially expose that environment. . . . I certainly do not want you to bring that in [COVID-19] if, in fact, you do have it via the fact that you've had contact with the Nebraska jail; but that's their decision to make regardless of any opinion I have as to whether or not that's dangerous conduct."   Id. at p. 20:18-25.[2]

The magistrate judge considered the fact that Mr. Hinman was residing "at the Human Services Center in Nebraska and so there's more extraordinary measures and supervising you other than that what can be provided by our U.S. Probation."   That was a factor considered collectively as constituting extraordinary circumstances to permit Mr. Hinman to remain on pre-sentence release.   Id. at p. 21:1-7.   Because Mr. Hinman was "coming from a treatment facility, entering a plea, and then proposing to go right back to it," the magistrate judge found the record supported an "extraordinary circumstance . . . keeping with the status quo is more important than having Mr. Hinman turn himself into our jail."   Id. at p. 22: 4-8.   While not separately an exceptional circumstance, the magistrate judge found Mr. Hinman had been compliant while on pretrial

---

[2]Since the May 22 hearing before Magistrate Judge Wollmann, the media has widely reported numerous positive COVID-19 tests among Pennington County jail staff and inmates.   Quarantine procedures are now in place for persons entering custody.

release.   Id. at p. 22:13-15.   After considering the arguments of counsel, the
magistrate judge permitted Mr. Hinman to remain on pre-sentence release.

The government timely appealed the magistrate judge's decision.   (Docket
41).   The appeal asserts "[t]he magistrate judge erred in determining that the
defendant's success on pretrial release and his concern that he was exposed to
COVID-19 and might bring it to the [Pennington County] jail if detained
constitute exceptional circumstances."   Id. at p. 2.   The government argues Mr.
Hinman's "completion of treatment and general compliance with conditions of
release, and his potential concern that he may expose inmates to COVID-19
without knowing if he is even infected, do not rise to the level of exceptional
circumstances."   Id. at p. 4.   It asserts the defendant's general concern about
bringing COVID-19 into the Pennington County Jail is insufficient, because he
"has not indicated he has any symptoms of COVID-19."   Id.   For these reasons,
the government asks that the magistrate judge's decision be reversed and the
defendant be immediately remanded into custody.   Id. at p. 5.

Mr. Hinman fails to meet the applicable standard.   The factors recognized
as exceptional circumstances are limited.   See United States v. Charger, 918 F.
Supp. 301 (D.S.D. 1996) (reasons for a downward departure exist); United States
v. Banta, 165 F.R.D. 102, 104 (D. Utah 1996) (the possibility exists the defendant
may serve any imposed sentence before an appeal is resolved); United States v.
Carretero, No. CR. 98-CR-418, 1999 WL 1034508 at *8 (N.D.N.Y. Nov. 4, 1999)
(active cooperation with the government in order to receive a sentence reduction

under § 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the

Federal Rules of Criminal Procedure); United States v. Garcia, 340 F.3d 1013,

1022 (9th Cir. 2003) (detaining a seriously ill defendant pending appeal may be

unduly harsh, even where the government may be able to provide adequate

medical care); United States v. Kaquatosh, 252 F. Supp. 2d 775, 779 (E.D. Wis.

2003) ("[D]efendant's parent or spouse was seriously ill and may die prior to

sentencing; or a defendant's child was scheduled for surgery during this time; or

where a defendant's family was facing a particularly difficult financial situation

that could be ameliorated if the defendant remained free and employed; or where

a defendant's employer had a special need for his services; or where the

defendant was undergoing substance abuse or psychiatric treatment that would

be unavailable if he were incarcerated."); United States v. Mitchell, 358 F. Supp.

2d 707, 708 (E.D. Wis. 2005) ("[D]efendant fully cooperated with the government

and, according to the prosecutor, will receive a U.S.S.G. § 5K1.1 motion at

sentencing.").

Mr. Hinman's compliance with the terms of his pretrial release and

continued employment, while commendable, are not "clearly out of the ordinary,

uncommon or rare." Brown 368 F.3d at 993 (internal citation omitted). While

the COVID-19 pandemic may constitute a significant exceptional circumstance

in another case, Mr. Hinman's lack of at-risk factors and the absence of known

exposure to an individual with positive COVID-19 symptoms do not constitute

7

exceptional circumstances justifying relief from the mandatory custody provisions of 18 U.S.C. § 3143.

## ORDER

Based on the above analysis, it is

ORDERED that the government's appeal (Docket 41) is granted.

IT IS FURTHER ORDERED that the defendant Brian Hinman, is remanded to the custody of the United States Marshals Service pending sentencing.

IT IS FURTHER ORDERED that Mr. Hinman shall self-surrender to the United States Marshals Service at Room 321 of the Andrew W. Bogue United States Courthouse, 515 Ninth Street, Rapid City, South Dakota, at or before **2 p.m. on July 20, 2020**.

IT IS FURTHER ORDERED that the Clerk of Court shall deliver a copy of this order to the United States Marshals Service.

Dated July 13, 2020.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

8